### Brasher, Reichardt & Co. v. G. Cuchia.

#### No. 360.

**Affidavit for Attachment—Variance.**— Attachment in Justice Court. Motion to quash the attachment on account of a variance between the affidavit to the account and the affidavit for attachment was overruled by the justice, but on appeal sustained by the District Court. *Held*, error. The affidavit to the account was evidence, and not pleading.

Appeal from Jefferson. Tried below before Hon. W. H. Ford.

*Douglass & Lanier*, for appellants.—The court erred in holding the affidavit attached and itemized account on file in the cause was pleading therein; and further erred in striking out the affidavit of plaintiffs' counsel, showing said account was filed after the institution of the suit by mistake. The plaintiffs plead orally in the Justice Court, and the transcript therefrom, as also the oral pleading in the District Court, correspond exactly with the affidavit for attachment; and the mere fact that an account was found among the papers, with an affidavit stating a different time when the debt became due, would not vitiate the writ of attachment. Sayles' Civ. Stats., art. 1573; Moore v. Jordan, 67 Texas, 394; Maas v. Solinsky, 67 Texas, 290.

There was no variance, the account not being pleading, and not even intended as evidence: Donnelly v. Elser, 69 Texas, 283; Hat Co. v. O'Neal, 82 Texas, 337.

*Greer & Greer*, for appellee.—The cause of action or basis of appellants' suit being the itemized sworn account, the court did not err in holding they could not maintain their suit without it; and if the same was filed after attachment proceedings were issued, the court did not err in the

quashal thereof, because there was no basis for their issuance; and there was no error in striking out the affidavit of plaintiffs' counsel made in Justice Court, in that it seeks to show a different cause of action than that sued upon, or to show there was no cause of action filed in the Justice Court at the time the attachment papers were sued out; thereby showing on its face the attachment proceedings were void.   Sayles' Civ. Stats., art. 154;  Osborn v. Shiffer, 37 Texas, 434;  Bowers v. Chaney, 21 Texas, 363;  Cordover v. Priestly, 4 Texas, 250;  Wooster v. McGee, 1 Texas, 17.

GARRETT, CHIEF JUSTICE.—Brasher, Reichardt & Co. brought this suit, by attachment, against the appellee, in the Justice Court at Beaumont, on December 29, 1891.   There was no written pleading, and the entry on the justice's docket was as follows:   "Suit upon account for merchandise for $171.08, of date ————, due as stated in affidavit for attachment.   Interest at ————.   Filed 29th day of December, 1891."

A verified itemized account was filed by the plaintiff on the same day, the affidavit verifying the account stating "that it is now due," etc.

The writ of attachment was issued and levied upon goods of the defendant, which were afterwards sold on application as perishable property. The total proceeds were $135.50, the costs of sale and care of property being $26.40, which should be deducted.

Defendant moved to quash the attachment on account of variance between the affidavit to the account and the affidavit for attachment. This motion was overruled by the justice of the peace, and judgment was rendered in favor of plaintiffs for their debt, with foreclosure. Upon appeal to the District Court the defendant renewed his motion to quash, and the court sustained it.   Judgment was rendered in favor of the plaintiffs for their debt; but they have appealed from the ruling of the court quashing their attachment.

The motion ought to have been overruled.   The entry on the justice's docket is the statement of the cause of action, and there is no variance between it and the affidavit for attachment.   The affidavit to the account was only evidence, and not a pleading in the suit.

The judgment of the court below quashing the attachment will be reversed, and judgment will now here be rendered in favor of the plaintiffs, foreclosing the attaching lien and ordering the money in the registry of the court below to be applied to plaintiffs' debt.

*Reversed and rendered.*

Delivered November 23, 1893.